UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-30008-RWZ

UNITED STATES OF AMERICA

v.

KELLY ARZATE

ORDER

December 13, 2013

ZOBEL, D.J.

In 2007, defendant Kelly Arzate was convicted of several drug offenses. See 21 U.S.C. §§ 846, 841(a)(1); 18 U.S.C. § 2. In 2012, while serving the supervised release portion of his 2007 sentence, he allegedly committed additional drug offenses. He admitted to the violation of the condition of his supervised release that prohibited him from committing another federal, state, or local crime. No. 3:05-cr-30031-RGS, Docket # 228 (citing 18 U.S.C. § 3582(d)) (Stearns, J.). The court revoked his supervised release and sentenced him to another thirty months of imprisonment, followed by a thirty-month term of supervised release. Id.; see 18 U.S.C. § 3583(g)(1).

Two days later, the government obtained an indictment charging defendant with possession with intent to distribute cocaine and marijuana, for the same conduct that gave rise to the violation of supervised release. No. 13-cr-30008-RWZ, Docket # 6; 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. Defendant moves to dismiss that indictment on the

ground that prosecution of the charges therein is barred by the Fifth Amendment's prohibition against double jeopardy[1] in light of United States Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).  For the reasons set forth below, the motion (Docket # 40) is denied.

**I.     Analysis**

The sentence imposed upon a finding that a defendant violated the terms of his supervised release is part of the penalty for that defendant's original conviction. Johnson v. United States, 529 U.S. 694, 701 (2000); United States v. Smith, 500 F.3d 27, 31 (1st Cir. 2007) ("[T]here is no support for the proposition that a supervised release violation is a 'criminal offense.'").  This is so because a defendant is not entitled to the full set of constitutional protections in the supervised release setting, as he would be if he were charged with committing a new crime.[2]  See, e.g., 18 U.S.C. § 3583(e)(3) (providing that the standard of proof in a revocation hearing is "preponderance of the evidence" rather than "beyond a reasonable doubt," the standard that applies in criminal prosecutions); Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973) (concluding that a parolee has no right to a jury trial); cf. Johnson, 529 U.S. at 711 (citing United States v. Paskow, 11 F.3d 873, 881 (9th Cir. 1993) ("Supervised release and parole are

---

[1]The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  "The Clause serves the function of preventing both successive punishments and successive prosecutions.  The protection against multiple punishments prohibits the Government from punishing twice, or attempting to punish criminally for the same offense." United States v. Ursery, 518 U.S. 267, 273 (1996) (internal quotations and citations omitted).

[2]The limited set of constitutional protections in revocation of supervised release proceedings is itself justified because the defendant has already been convicted after a trial or plea subject to the full lot of constitutional guarantees.  See United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir. 1995).

virtually identical systems.")).  The Federal Rules of Evidence do not apply, Fed. R. Evid. 1103(d)(3), and indeed, the conduct which comprises the violation need not be criminal.  Relying on the principle that sanctions imposed upon revocation of supervised release modify the original sentence, courts have widely held that the criminal prosecution of conduct which previously served as the basis for a revocation of supervised release does not violate the Double Jeopardy Clause.  United States v. Richardson, 269 F. App'x 493, 494 (5th Cir. 2008) (per curiam) (unpublished); United States v. Woods, 127 F.3d 990, 992-93 (11th Cir. 1997) (per curiam); United States v. Wyatt, 102 F.3d 241, 244-45 (7th Cir. 1996); United States v. Woodrup, 86 F.3d 359, 363 (4th Cir. 1996); Soto-Olivas, 44 F.3d at 792; United States v. Acuna-Diaz, Nos. 95-2101, 95-2134, 1996 WL 282262, at *2 (10th Cir. May 29, 1996) (unpublished).

     Defendant contends that this conclusion is no longer good law after Alleyne.  In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of that crime and must be submitted to a jury and proved beyond a reasonable doubt.  133 S. Ct. at 2158.  Here, the applicable subsection of the supervised release statute mandates revocation and imposition of a term of imprisonment.  18 U.S.C. § 3583(g)(1).  Defendant asserts that because the sentencing court had no choice but to send him back to jail, mandatory revocation "increases the range of punishment to which [he] was exposed by the core crime[,] is necessarily an element, and together with the core crime, defines a distinct, aggravated crime."  Def.'s Reply Mem., Docket # 44, at 2 (citing Alleyne, 133 S. Ct. at 2162-63).  The government prosecuted him for this purportedly new and separate crime when it

3

sought the revocation of his supervised release.  Because it now seeks to prosecute the substantive offenses based on the same conduct—the 2012 drug offenses—and doing so requires proof of the same elements,[3] defendant claims the indictment violates the prohibition against double jeopardy.  See United States v. Dixon, 509 U.S. 688 (1993).[4]

Alleyne simply extends to mandatory minimum sentences the principle established in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (emphasis added), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See United States v. Harakaly, 734 F.3d 88, 94 (1st Cir. 2013).  It says nothing about supervised release or double jeopardy and makes no suggestion that the Court is retreating from its prior holdings that a violation of supervised release is not a new crime and that the sentence for a violation is part of

---

[3] "In both the multiple punishment and multiple prosecution contexts, [the Supreme Court] has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. . . . The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."  Dixon, 509 U.S. at 696 (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).

[4] In Dixon, a murder suspect committed a drug offense in violation of his pre-trial release order, which prohibited him from committing a crime while on release.  After it obtained a conviction for criminal contempt for violating the order by committing the drug offense, the government sought to prosecute the defendant for the drug offense itself.  The Supreme Court held that the Double Jeopardy Clause precluded the government from doing so because the comparison of the elements of the contempt and drug offenses failed the Blockburger test.  509 U.S. at 700.  Defendant contends Dixon is "functionally indistinguishable" from the present case.  Def.'s Mem. in Supp., Docket # 41, at 8.  Dixon is inapposite because there, unlike here, the defendant had not yet been convicted of an underlying crime; the Dixon defendant was still awaiting his murder trial and was presumptively innocent of that crime.  Therefore, the sentence imposed for his criminal contempt conviction could only have been for the drug offense, the same conduct for which the government again sought to prosecute him.  See Woodrup, 86 F.3d at 362; Soto-Olivas, 44 F.3d at 792.

the penalty for the original conviction. Johnson, 529 U.S. at 700-01. Absent a more explicit statement, the Court's conclusion that Congress has authorized multiple punishments in the context of supervised release remains good law, and I need not engage in a Blockburger analysis. See United States v. Entendencia, No. 93-30367, 1994 WL 470226, at *1 (9th Cir. 1994) (unpublished) (declining to apply Blockburger and concluding "[defendant's] attack never reaches the same elements citadel because it never gets beyond the punishment outerworks"); United States v. Rivera-Martinez, 931 F.2d 148, 153-54 (1st Cir. 1991) ("[T]he Blockburger test is only a rule of statutory construction. It is not controlling where 'there is a clear indication of contrary legislative intent.'" (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983))).[5]

## II. Conclusion

Defendant's motion to dismiss the indictment (Docket # 40) is DENIED.

| December 13, 2013 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |

---

[5] I observe, however, that even if I accept defendant's argument that mandatory revocation of supervised release creates a new crime for double jeopardy purposes, his claim still fails because a violation of 18 U.S.C. § 3582(d), which prohibits a defendant on supervised release from committing another crime, only requires proof by a preponderance of the evidence. By contrast, the government must prove a violation of 18 U.S.C. § 841(a)(1), which prohibits possession with intent to distribute cocaine and marijuana, beyond a reasonable doubt. Several circuits have concluded that requiring proof of the elements of the offense by a different standard is enough to pass the Blockburger test and preclude a successful double jeopardy claim. United States v. Williams, Nos. 93-5435, 93-5850, 1995 WL 321250, at *2 (4th Cir. 1995) (per curiam) (unpublished); Durosko v. Lewis, 882 F.2d 357, 361-62 (9th Cir. 1989); United States v. Evans, 848 F.2d 1352, 1362 (5th Cir. 1988).