UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-CR-30008

UNITED STATES OF AMERICA

v.

KELLY ARZATE

ORDER

September 9, 2020

ZOBEL, S.D.J.

Defendant pled guilty to an indictment charging him with possession with intent to distribute 500 grams or more of cocaine and possession with intent to distribute marijuana, both in violation of 21 U.S.C. § 841(a)(1). On April 6, 2016, he was sentenced to 156 months incarceration followed by eight years of supervised release. Before me now is a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Docket # 122. The government opposes based on defendant's failure to exhaust administrative remedies and on the merits. Docket # 123.

The § 3582(c) exhaustion requirement is waived given the fast-spreading nature of COVID-19 and the potential for irreparable harm. See Washington v. Barr, 925 F.3d 109, 118-19 (2d Cir. 2019) (internal citations omitted) (explaining that the failure to exhaust may be excused where "it would be futile . . ., the administrative process would

---

[1] Also pending is defendant's motion for clarification regarding the applicability of the First Step Act's earned time credit provisions. Docket # 120. The motion is DENIED because it seeks legal advice that the court cannot properly provide defendant.

1

be incapable of granting adequate relief . . ., [or] pursuing agency review would subject plaintiffs to undue prejudice.").

With respect to the merits, a motion for compassionate release may only be granted upon a determination that there are "extraordinary and compelling reasons" to warrant a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), and after considering the sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant claims he has psoriasis and asserts that the condition may cause an autoimmune impairment that would make him particularly vulnerable to developing serious complications from COVID-19.  However, he offers no evidence nor even alleges that his immune system is compromised or that his condition is poorly managed at FCI Fort Dix.  The prison has no reported cases of COVID-19 at present[2] and defendant concedes that the BOP changed his medication to prevent immunosuppressive side effects during the pandemic.  The § 3553(a) factors also counsel against a reduction in sentence.  Defendant is a 36-year-old career offender with a lengthy criminal record and was found with a large quantity of drugs and cash during the first year of supervised release for a prior offense.

The Motion for Compassionate Release (Docket # 122) is DENIED.

September 9, 2020
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[2] *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Sept. 9, 2020).